**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elijah McClurg, et al., ) | CIV-09-1684-PHX-MHB |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| Maricopa County, et al., ) | |
| Defendants. ) | |

Pending before the Court is Plaintiffs' Motion for Leave to Amend Complaint (Doc. 76). After considering the arguments raised by the parties in their briefing, the Court now issues the following ruling.

**BACKGROUND**

This case arises out of the confinement and, subsequent, death of David Wayne McClurg. Plaintiffs are Elijah McClurg, on behalf of himself as personal representative of the decedent's estate, and Cindy McClurg, the parent guardian of L. McClurg – a minor. Plaintiffs filed a motion seeking leave to amend their Complaint. In their Proposed First Amended Complaint, Plaintiffs allege several state law claims, as well as, claims pursuant to 42 U.S.C. § 1983 contending, *inter alia*, that their father was denied proper supervisory and medical care while he was in jail, that jail personnel were deliberately indifferent to his medical needs, and that jail personnel failed to diagnosis him as a diabetic. Plaintiffs allege that their father developed gangrenous wounds, had several toes and a leg amputated,

1  developed circulatory and cardiac difficulties, and ultimately succumbed to his condition on
2  September 24, 2008.

## DISCUSSION

4  In their Motion, Plaintiffs state that the amendments set forth in the amended pleading
5  include the naming of additional Defendants and the addition of L. McClurg by and through
6  his mother and guardian.  Plaintiffs assert that the First Amended Complaint also provides
7  additional facts in support of the claims made against newly named Defendants.

8  In response, Defendants Maricopa County and Sheriff Joseph Arpaio both contend
9  that the proposed pleading is futile in light of the applicable statute of limitations and notice
10  of claim statute.  Defendant Arpaio additionally argues that allowing Plaintiff to file an
11  amended complaint would be unduly prejudicial to him.

12  Federal Rule of Civil Procedure 15(a) declares that "[t]he court should freely give
13  leave [to amend] when justice so requires."  The Ninth Circuit has noted that "Rule 15's
14  policy of favoring amendments should be applied with extreme liberality."  Eldridge v.
15  Block, 832 F.2d 1132, 1135 (9th Cir. 1987) (citation omitted).  A court may deny a motion
16  to amend, however, if there is a showing of undue delay or bad faith on the part of the
17  moving party, undue prejudice to the opposing party, or futility of the proposed amendments.
18  See Foman v. Davis, 371 U.S. 178, 182 (1962).  The party opposing amendment bears the
19  burden of showing prejudice, futility, or one of the other recognized reasons for denying a
20  motion to amend.  See DCD Programs, LTD. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).

21  Having reviewed Plaintiff's proposed First Amended Compliant and the record in this
22  case, the Court fails to find a showing of undue delay, bad faith, or undue prejudice to the
23  opposing parties.  As to Defendants' futility argument, the Court finds that although the
24  requirement of filing a notice of claim with the State is a mandatory prerequisite to Plaintiffs'
25  state law claims, these requirements are procedural, rather than jurisdictional.  See Pritchard
26  v. State, 788 P.2d 1178, 1183 (Ariz. 1990).  Thus an allegation of compliance with the notice
27  of claim is not required, and the failure to comply with these nonjudicial remedies that are

not jurisdictional should be treated as a matter in abatement, and resolved through an appropriate motion to dismiss, if applicable. Similarly, any contention that the proposed amendment fails to state a claim is unpersuasive. The merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Leave to Amend Complaint (Doc. 76) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiffs shall file a First Amended Complaint no later than 14 days from the date of this Order;

**IT IS FURTHER ORDERED** that Defendant Arpaio's Motion for Judgment on the Pleadings (Doc. 70), which addresses Plaintiffs' original Complaint, is **DENIED** with leave to refile.

DATED this 30th day of September, 2010.

Michelle H. Burns
United States Magistrate Judge