**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elijah McClurg, et al., ) | CIV-09-1684-PHX-MHB |
|          Plaintiffs, ) | **ORDER** |
| vs. ) | |
| Maricopa County, et al., ) | |
|          Defendants. ) | |

Pending before the Court are Defendants Maricopa County and Maricopa County Correctional Health Services' Motion to Dismiss (Doc. 97) and Defendants Sheriff Joseph Arpaio, Maricopa County Sheriff's Office, Sergeant Malinchalk, Sergeant Patterson, Officer Hernandez, and Officer Hargrove's Motion to Dismiss (Doc. 98). The request for oral argument will be denied because the parties have fully briefed the issues and oral argument will not aid in the Court's decision. See Partridge v. Reich, 141 F.3d 920, 926 (9th Cir. 1998); Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Development Corp., 933 F.2d 724, 729 (9th Cir. 1991). After considering the arguments raised by the parties in their briefing, the Court now issues the following ruling.

## BACKGROUND

This case arises out of the confinement, and subsequent death of David Wayne McClurg. Initially, Plaintiff Elijah McClurg, the son of the decedent, filed a complaint on behalf of himself and his minor brother, against Defendants Maricopa County, Maricopa County Correctional Health Services ("MCCHS"), Joseph Arpaio ("Arpaio"), and the

1  Maricopa County Sheriff's Office ("MCSO").  Plaintiff also named several "John Does" as
2  unidentified, individual medical staff and detention officers.  Plaintiff alleged state law
3  claims predicated on Arizona's wrongful death statute, as well as, claims pursuant to 42
4  U.S.C. § 1983.  The matter was removed to this Court on August 14, 2009.  On November
5  9, 2009, and on April 20, 2010, the Court dismissed MCCHS and the MCSO as non-jural
6  entities incapable of being sued – and the bulk of the claims set forth in Plaintiff's complaint.
7  The Court, however, allowed Plaintiff the opportunity to substitute individual names for the
8  unnamed Defendants if, through discovery or otherwise, said Defendants are identified.

On October 12, 2010, Plaintiff, on behalf of himself, and as personal representative of the Estate of David Wayne McClurg, and Cindy McClurg, the parent guardian of L. McClurg, a minor, filed their First Amended Complaint. Plaintiffs name the same four Defendants set forth in his original complaint (including the Defendants this Court has previously dismissed) and add individual Defendants Malinchalk, Patterson, Hernandez, Hargrove, Barker, and Lamarre. The First Amended Complaint contains five counts, which are substantially the same as the five counts set forth in the original complaint (most of which this Court has previously dismissed). Count One (Negligence) and Count Two (Gross Negligence) are predicated upon Arizona's wrongful death statute and are asserted against all Defendants. Count Three alleges a claim pursuant to 42 U.S.C. § 1983 for unconstitutional policies, customs, and failure to train against Maricopa County, MCCHS, Arpaio, and the MCSO. Count Four alleges a claim pursuant to 42 U.S.C. § 1983 for deliberate indifference to medical needs against all county employee Defendants. And, Count Five alleges a claim pursuant to 42 U.S.C. § 1983 for loss of consortium against all Defendants.

**STANDARD OF REVIEW**

The Federal Rules of Civil Procedure require a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248-49 (9th Cir. 1997).  Thus, dismissal for insufficiency of a complaint

1 is proper if the complaint fails to state a claim on its face. See Lucas v. Bechtel Corp., 633
2 F.2d 757, 759 (9th Cir. 1980). A Rule 12(b)(6) dismissal for failure to state a claim can be
3 based on either: (1) the lack of a cognizable legal theory; or (2) insufficient facts to support
4 a cognizable legal claim. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
5 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

6 In determining whether an asserted claim can be sustained, all allegations of material
7 fact are taken as true and construed in the light most favorable to the non-moving party. See
8 Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). As for the factual
9 allegations, the Supreme Court has explained that they "must be enough to raise a right to
10 relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).
11 Indeed, to survive a motion to dismiss, the plaintiff's complaint must contain more than "an
12 unadorned, the-defendant-unlawfully-harmed me accusation." Ashcroft v. Iqbal, — U.S. —,
13 —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of
14 a cause of action, supported by mere conclusory statements, do not suffice." Id.

## DISCUSSION

16 Initially, as Defendants have argued and Plaintiffs concede, the Court has already
17 ruled that certain claims and parties now named in the First Amended Complaint have been
18 dismissed. Specifically, Plaintiffs' claims based on violation of the Privileges and
19 Immunities Clause of the Fourteenth Amendment; Plaintiffs' claims based on cruel and
20 unusual punishment; Plaintiffs' claims based on equal protection; and Plaintiffs' claims for
21 vicarious liability/respondeat superior are all dismissed from this action. Further, non-jural
22 entities MCCHS and the MCSO are no longer part of this action as the Court dismissed these
23 Defendants along with the aforementioned claims.

24 Additionally, as to the state law claims, which are both predicated on Arizona's
25 wrongful death statute, the Court previously found that said claims asserted by Plaintiff
26 Elijah McClurg against Maricopa County were barred for failure to comply with Arizona's
27 notice of claim statute. Specifically, in light of the fact that the decedent filed the only notice

1  of claim in this case (on August 8, 2008) over a month before his death (on September 24,
2  2008), the Court found that Plaintiff Elijah McClurg failed to give Maricopa County notice
3  that he would pursue claims for wrongful death – which contravened the requirements of the
4  notice of claim statute.[1]  Thus, based on the Court's prior ruling, Plaintiff Elijah McClurg's
5  state law claims against Maricopa County are dismissed from this action.

6        For these same reasons, the Court will also dismiss the state law claims alleged by the
7  remaining Plaintiffs against Maricopa County.  The addition of Cindy McClurg, the parent
8  guardian of L. McClurg, does not change the fact that the only notice of claim in this case
9  was filed by the deceased.[2]  Plaintiffs do not dispute this fact.  Similarly, the fact that
10 Plaintiffs failed to file an independent notice of claim necessitates dismissal of the state law
11 claims against Arpaio and the remaining individual Defendants as well.  Plaintiffs attempts
12 to argue to the contrary are unpersuasive.

**A.      Plaintiffs' claim for loss of familial association pursuant to 42 U.S.C. § 1983**

14       Defendants argue that Plaintiffs' claim for loss of familial association/consortium
15 must be dismissed for failure to state a claim.  Specifically, Defendants contend that the First
16 Amended Complaint fails to allege any facts suggesting that Defendants directly interfered
17 with the relationship between the deceased and Plaintiffs.

---

[1] Arizona courts have held that notice for a wrongful death claim is sufficient if it states that the claimant is a surviving adult child, provides some facts, and requests compensation in a specific amount for the wrongful death of a parent.  See, e.g., Backus v. State of Arizona, 203 P.3d 499 (Ariz. 2009); Vasquez v. State, 206 P.3d 753 (Ariz. Ct. App. 2008).  It being undisputed that Plaintiff did not file a notice of claim for damages caused to him by the death of his father, and the time for filing a claim having lapsed, the Court found that "the claim filed by Plaintiff's father before he died obviously could not fulfill even this minimal requirement."  (Doc. 49 at 4.)

[2] The Estate of David Wayne McClurg cannot be a party plaintiff to the state law claims because the deceased has survivors.  See A.R.S. § 12-612(A) (estate can only be party in wrongful death action if there are no survivors).

- 4 -

1    As Arpaio and the individual Defendants correctly identify, "[t]he Ninth Circuit recognizes that a parent has a constitutionally protected liberty interest under the Fourteenth Amendment in the companionship and society of his or her child." Curnow v. Ridgecrest Police et al., 952 F.2d 321, 325 (9th Cir. 1991) (citations omitted); see Porter v. Osborn, 546 F.3d 1131 (9th Cir. 2008) (discussing the appropriate standard to apply regarding a defendant's behavior when analyzing an alleged violation of a parent's due process right to associate with his or her child). "Family relationships by their nature involve deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs but also distinctively personal aspects of one's life." Roberts v. United States Jaycees, 468 U.S. 609, 619-20 (1984). This interest has been broadly construed by this Circuit to encompass any parent-child relationship. See Smith v. City of Fontana, 818 F.2d 1411, 1418 (9th Cir. 1987), *overruled on other grounds by* Hodgers-Durgin v. de la Vina, 199 F.3d 1037 (9th Cir. 1999).

Maricopa County mistakenly relies on a recent Arizona Court of Appeals case to assert that there is no § 1983 claim available for loss of familial association in this District. This assertion is incorrect. In Braillard v. Maricopa Co. et al., 232 P.3d 1263 (Ariz. Ct. App. 2010), the Arizona Court of Appeals suggested that because a Seventh Circuit opinion was overruled (by the Seventh Circuit), that this somehow implicates the Ninth Circuit Court of Appeals case which cited the Seventh Circuit case in an opinion recognizing a child's right to assert a substantive due process claim for loss of familial association. See id. at 1270. The Braillard court stated that "[t]he Ninth Circuit has not revisited this issue following the Seventh Circuit's overruling of Bell. And, although we 'may choose to follow substantive decisions of the Ninth Circuit Court of Appeals,' we are not persuaded that doing so here would 'further predictability and stability of the law.'" Braillard, 232 P.3d at 1271 (citations omitted). Although the Braillard court is correct that the Ninth Circuit has not discussed the Seventh Circuit's overruling of Bell, it has essentially reaffirmed that the rule in this Circuit is that parents have a "fundamental liberty interest in the companionship and society of his

- 5 -

1  or her child and that the state's interference with that liberty interest without due process of
2  the law is remediable under [42 U.S.C. §] 1983." Crowe v. County of San Diego, 608 F.3d
3  406, 441 (9th Cir. 2010).

4  The Court will deny Defendants' motions to dismiss this claim. The Court finds that
5  at this stage in the litigation, Plaintiffs have sufficiently pled that Defendants have interfered
6  with the relationship between the deceased and Plaintiffs.

### B. Plaintiffs' Claims for Pain and Suffering

Arpaio and the individual Defendants argue that Plaintiffs' claims for pain and suffering pursuant to § 1983 endured by the deceased prior to his death are barred by Arizona's survival statute, A.R.S. § 14-3110.[3] Maricopa County asserts that the individual Plaintiffs may not recover for the deceased's pain and suffering, but states that the Estate of David Wayne McClurg may recover for said damages.[4]

Whether a plaintiff may recover damages for the pre-death pain and suffering of a deceased under § 1983 was addressed in this District in Gotbaum v. City of Phoenix, 617 F.Supp.2d 878 (D. Ariz. 2008). In Gotbaum, the Court determined that while the Supreme Court and Ninth Circuit have not decided this question, "[a] clear majority of federal cases,

---

[3] Arizona's survival statute provides for the survival of personal injury claims but does not allow survivors to pursue pain and suffering damages for the deceased. A.R.S. § 14-3110 provides:

> Every cause of action, except a cause of action for damages for breach of promise to marry, seduction, libel, slander, separate maintenance, alimony, loss of consortium or invasion of the right of privacy, shall survive the death of the person entitled thereto or liable therefor, and may be asserted by or against the personal representative of such person, provided that upon the death of the person injured, damages for pain and suffering of such injured person shall not be allowed.

[4] Maricopa County is correct. Under Arizona law, a claim under the survival statute may be brought only by a decedent's estate. See A.R.S. § 14-3110; Gandy v. United States, 437 F.Supp.2d 1085, 1087 (D. Ariz. 2006).

- 6 -

1   however, has concluded that when a violation of federal civil rights results in death of the
2   victim, state statutes limiting the remedies of the victim's estate and family members are not
3   consistent with the purposes of section 1983. *See, e.g.*, *Berry v. City of Muskogee*, 900 F.2d
4   1489, 1499-1507 (10th Cir. 1990); *Bass by Lewis v. Wallenstein*, 769 F.2d 1173, 1187-90
5   (7th Cir. 1985); *Jaco v. Bloechle*, 739 F.2d 239, 241-45 (6th Cir. 1984); *Gilbaugh v. Balzer*,
6   No. Civ-99-1576-AS, 2001 WL 34041889, at *5-7 (D. Or. June 7, 2001); *Garcia v.*
7   *Whitehead*, 961 F.Supp. 230, 232-33 (C.D. Cal.1997); *Guyton v. Phillips*, 532 F.Supp. 1154,
8   1164-66 (N.D. Cal.1981)." Gotbaum, 617 F.Supp.2d at 884.

9   The Gotbaum court, having analyzed the legislative history of section 1983, found that
10  "[m]ost courts have concluded that state statutes limiting civil remedies in cases where a
11  constitutional violation has caused death to the victim simply are not consistent with the
12  purposes of section 1983." Id.  The court continued stating that, "[c]ourts have noted that
13  such state laws 'are not suitable to carry out the full effects intended for § 1983 cases ending
14  in death of the victim; they are deficient in some respects to punish the offenses.' *Berry*, 900
15  F.2d at 1506." Gotbaum, 617 F.Supp.2d at 884.

16  This Court agrees with Gotbaum and concludes, consistent with the legislative history
17  of § 1983, that application of Arizona's survival statute and its elimination of pain and
18  suffering damages in cases where death is alleged would be contrary to the purposes of §
19  1983.  The Court therefore will apply a federal remedy that permits the recovery of such
20  damages. See, e.g., Berry, 900 F.2d at 1507; Bass, 769 F.2d at 1190.  Defendants' motions
21  to dismiss will be denied as to Plaintiffs' claims for pre-death pain and suffering.[5]

22  ///
23  ///
24
25
26   [5] Maricopa County's contention that the Estate's claim for pain and suffering
     pursuant to § 1983 must be dismissed for violation of Arizona's notice of claim statute is not
27   persuasive.
28
- 7 -

### C.     **Plaintiffs' Claims Against the Individual Defendants**

Arpaio and the individual Defendants contend that Plaintiffs have not sufficiently identified and alleged the particular claims against Defendants Malinchalk, Patterson, Hernandez, and Hargrove in order to properly state a claim for relief. The Court agrees.

This Court has previously held that "Plaintiffs have set forth sufficient facts to support a claim of deliberate indifference against the unidentified Defendants." (Doc. 34 at 12.) The Court denied Defendants' request to dismiss the unidentified Defendants and allowed Plaintiff to substitute the individual names if, through discovery or otherwise, the unnamed Defendants are identified. (Doc. 34 at 12-13.)

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Conclusory allegations that a Defendant or group of Defendants have violated a constitutional right are not acceptable.

Plaintiffs' First Amended Complaint fails to state a claim for relief against Defendants Malinchalk, Patterson, Hernandez, and Hargrove. The First Amended Complaint provides general allegations of wrong doing, and fails to allege any specific actions or inactions by these individual Defendants. Plaintiffs have not even alleged facts sufficient to allow this Court to draw any inference that these Defendants have ever met or interacted with the deceased, much less that they are liable for the alleged misconduct. As such, Arpaio and the individual Defendants' Motion to Dismiss will be granted on this issue.

Regarding individual Defendants Barker and Lamarre, to date, the record reflects that Plaintiffs have failed to serve these Defendants. And, Maricopa County has twice put Plaintiffs on notice that they have not effected service stating that Plaintiffs have not obtained summonses for Barker or LaMarre, have not made service on these Defendants, and have not sought waivers of service for these Defendants. (Doc. 97 at 2; Doc. 104 at 2.) Finding that

1  Defendants Barker and LaMarre have not been served and the time for completing service
2  having expired, Fed.R.Civ.P. 4(m), the Court will dismiss said Defendants.

## CONCLUSION

In sum, the Court will grant in part and deny in part Defendants' motions to dismiss. Plaintiffs' claims based on violation of the Privileges and Immunities Clause of the Fourteenth Amendment; Plaintiffs' claims based on cruel and unusual punishment; Plaintiffs' claims based on equal protection; Plaintiffs' claims for vicarious liability/respondeat superior; Plaintiff Elijah McClurg's state law claims against Maricopa County; and non-jural entities MCCHS and the MCSO, are all dismissed from this action based on the Court's previous ruling.

In addition, for the reasons set forth in the Court's previous ruling, Plaintiffs' state law claims against the remaining Defendants are dismissed. Further, Defendants Malinchalk, Patterson, Hernandez, Hargrove, Barker, and Lamarre are dismissed from this action in its entirety.

Plaintiffs' claims alleged pursuant to 42 U.S.C. § 1983 against Maricopa County and Arpaio regarding the conditions of confinement and medical care, as well as, Plaintiffs' related claims for loss of familial association and the Estate's claims for pain and suffering remain.

Accordingly,

**IT IS ORDERED** that Defendants Maricopa County and Maricopa County Correctional Health Services' Motion to Dismiss (Doc. 97) and Defendants Sheriff Joseph Arpaio, Maricopa County Sheriff's Office, Sergeant Malinchalk, Sergeant Patterson, Officer Hernandez, and Officer Hargrove's Motion to Dismiss (Doc. 98) are **GRANTED in part and DENIED in part**. Plaintiffs' claims based on violation of the Privileges and Immunities Clause of the Fourteenth Amendment; Plaintiffs' claims based on cruel and unusual punishment; Plaintiffs' claims based on equal protection; Plaintiffs' claims for vicarious liability/respondeat superior; Plaintiffs' state law claims; and Defendants MCCHS, the

MCSO, Malinchalk, Patterson, Hernandez, Hargrove, Barker, and Lamarre are all dismissed from this action. Plaintiffs' claims alleged pursuant to 42 U.S.C. § 1983 against Maricopa County and Arpaio regarding the conditions of confinement and medical care, as well as, Plaintiffs' related claims for loss of familial association and the Estate's claims for pain and suffering remain.

**IT IS FURTHER ORDERED** that the deadline for completing discovery shall be extended to December 1, 2011.

**IT IS FURTHER ORDERED** that all dispositive motions shall be filed no later than January 2, 2012.

**DATED** this 22nd day of September, 2011.

*[signature: Michelle H. Burns]*
Michelle H. Burns
United States Magistrate Judge