**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elijah McClurg, et al., | ) CIV-09-1684-PHX-MHB |
| Plaintiffs, | ) **ORDER** |
| vs. | ) |
| Maricopa County, et al., | ) |
| Defendants. | ) |

Pending before the Court is Plaintiffs' Motion for New Trial, which the Court construes as a motion to alter judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Doc. 171).[1]

This case arises out of the confinement and, subsequent, death of David Wayne McClurg. Mr. McClurg was arrested and, subsequently, transferred from the Yavapai County jail to the Maricopa County jail on October 23, 2007. When he was initially booked into the Maricopa County jail, Mr. McClurg was first seen by the medical staff and received an intake medical assessment wherein he was asked a number of questions about his medical history. In the assessment, Mr. McClurg did not state that he was diabetic; he did not state that he required a special diet or that he had any special needs; he never indicated that he

---

[1] Plaintiffs' request for oral argument will be denied because oral argument will not aid in the Court's decision. See Partridge v. Reich, 141 F.3d 920, 926 (9th Cir. 1998); Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Development Corp., 933 F.2d 724, 729 (9th Cir. 1991).

1  suffered from any leg pain, numbness or weakness; he denied a history of hospitalization;
2  and denied having vision problems.  He did indicate that he had high blood pressure.

3  Soon after he was booked, Mr. McClurg fell on two separate occasions – once on
4  October 29, 2007, and then again on November 26, 2007.  According to the record, he was
5  seen by medical personnel on each occasion and received a physical examination after the
6  October 29, 2007 fall.

7  Mr. McClurg was seen again by medical on December 6, 2007, for gradually
8  increasing edema (swelling) in his foot.  Upon examination it was noted that there was a
9  pulse and sensation present in the foot and he was prescribed Lasix (a diuretic) and KCl
10 (potassium chloride) and treated for the edema.  He had daily care for the edema for a period
11 of seven days.

12 On December 10, 2007, Mr. McClurg, who was assigned to a cell by himself, fell off
13 the top bunk, suffering a head laceration and cut lip.  His wounds were treated and he was
14 transported to Maricopa Medical Center ("MMC") for evaluation.  Mr. McClurg was
15 apparently treated at MMC and returned to jail.

16 On December 11, 2007, Mr. McClurg returned to medical as he was bleeding from
17 his scalp and had a swollen foot.  He was monitored by jail medical staff and was then sent
18 back to MMC for further evaluation and treatment, and was ultimately admitted.  He
19 remained in MMC until February 19, 2008, when he was admitted into the infirmary at
20 Maricopa County jail.  Mr. McClurg was released from custody on February 22, 2008.

21 On September 24, 2008, seven months after being released from custody, Mr.
22 McClurg died.  According to the death certificate, the immediate cause of death was
23 myocardial infarction (heart attack) due to atherosclerosis (blocked arteries).

24 On October 12, 2010, Plaintiffs filed their First Amended Complaint.  Shortly
25 thereafter, Defendants filed their Motions to Dismiss.

26 On September 23, 2011, the Court granted in part and denied in part Defendants'
27 Motions to Dismiss.  The Court found that Plaintiffs' claims based on violation of the

28

1  Privileges and Immunities Clause of the Fourteenth Amendment; Plaintiffs' claims based on
2  cruel and unusual punishment; Plaintiffs' claims based on equal protection; Plaintiffs' claims
3  for vicarious liability/respondeat superior; Plaintiff Elijah McClurg's state law claims against
4  Maricopa County; and non-jural entities MCCHS and the MCSO, were all dismissed from
5  this action based on the Court's previous ruling.  In addition, for the reasons set forth in the
6  Court's prior ruling, the Court dismissed Plaintiffs' state law claims against the remaining
7  Defendants.  Further, the Court determined that Defendants Malinchalk, Patterson,
8  Hernandez, Hargrove, Barker, and Lamarre were dismissed from this action in its entirety.
9  The Court, however, concluded that Plaintiffs' claims alleged pursuant to 42 U.S.C. § 1983
10 against Maricopa County and Arpaio regarding the conditions of confinement and medical
11 care, as well as, Plaintiffs' related claims for loss of familial association and the Estate's
12 claims for pain and suffering remain.

13       Maricopa County filed its Motion for Summary Judgment and Separate Statement of
14 Facts on January 10, 2012.  (Docs. 145, 146.)  Arpaio filed its Motion for Summary
15 Judgment and Separate Statement of Facts on January 12, 2012.  (Docs. 147, 148.) Plaintiffs
16 filed their Response to Defendants Motions for Summary Judgment, Request for Rule 56(d)
17 Relief, Separate Statement of Facts, and Objections to Maricopa County's Separate
18 Statement of Facts on February 23, 2012.  (Docs. 155, 156, 157.)  Arpaio and Maricopa
19 County filed their Replies in Support of Motions for Summary Judgment March 12, 2012.
20 (Docs. 158, 161.)

21       The Court granted Defendant Maricopa County's Motion for Summary Judgment
22 (Doc. 145) and Defendant Sheriff Joseph Arpaio's Motion for Summary Judgment (Doc.
23 147) on August 27, 2012.  On that same date, the Court also denied Plaintiffs' Request for
24 Rule 56(d) Relief (Doc. 155) and ordered that the Clerk of Court must terminate this action
25 and enter judgment accordingly.

26       Rule 59(e) offers an "extraordinary remedy, to be used sparingly in the interests of
27 finality and conservation of judicial resources."  Kona Enter., Inc. v. Estate of Bishop, 229
28

1 F.3d 877, 890 (9th Cir. 2000). The Ninth Circuit has consistently held that a motion brought pursuant to Rule 59(e) should only be granted in "highly unusual circumstances." Id.; see 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). Reconsideration is appropriate only if (1) the court is presented with newly discovered evidence, (2) there is an intervening change in controlling law, or (3) the court committed clear error. See McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is not a forum for the moving party to make new arguments not raised in its original briefs, see Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir. 1988), or to ask the court to "rethink what it has already thought through," United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998) (quotation omitted).

The Court finds that Plaintiffs have failed to present newly discovered evidence, demonstrate an intervening change in controlling law, or establish that the Court committed clear error. Further, while Plaintiffs express their disappointment and reassert arguments set forth in their response to Defendants' Motions, such is not proper on a motion for reconsideration. The Court will not analyze the same case law, and "rethink what it has already thought through," Rezzonico, 32 F.Supp.2d at 1116.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for New Trial, which the Court construes as a motion to alter judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Doc. 171) is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Conduct a Daubert Hearing (Doc. 169) is **DENIED**.

DATED this 9th day of October, 2012.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge

- 4 -